CITY OF WESTFIELD et al., Petitioners,

v.

FEDERAL POWER COMMISSION,
Respondent,

Western Massachusetts Electric
Company, Intervenor.

No. 76–1535.

United States Court of Appeals,
First Circuit.

March 8, 1977.

Drexel D. Journey, Gen. Counsel, Allan Abbot Tuttle, Sol., and Thomas M. Walsh, Atty., Washington, D. C., for respondent on motion to dismiss petition for review.

Robert C. McDiarmid, Daniel I. Davidson, Frances E. Francis, and Spiegel & McDiarmid, Washington, D. C., for petitioners on memorandum in opposition to motion to dismiss.

Before COFFIN, Chief Judge, and CAMPBELL, Circuit Judge.

PER CURIAM.

The city of Westfield et al. petitioned for review of the Commission's order suspending the rate increase for only one day. The Commission has moved that we dismiss the petition and we grant this motion.

The Commission is authorized, after a new rate schedule is filed, to "suspend the operation of such schedule" for up to "five months." 16 U.S.C. § 824d(e). It argues that the courts are foreclosed from reviewing suspension orders, citing as authority the leading case of *Municipal Light Boards, etc., Mass. v. Federal Power Com'n,* 146 U.S.App.D.C. 294, 450 F.2d 1341, 1348–1352 (1971), *cert. denied* 405 U.S. 989, 92 S.Ct. 1251, 31 L.Ed.2d 445 (1972). See also K. Davis, Administrative Law Treatise § 28.16 (Supp.1970) at 966, cited in *Mun. Light Boards, supra* at n. 21, p. 1351. We agree with the conclusion of the District of Columbia Circuit that appellate jurisdiction over such discretionary orders is lacking. The views of that circuit carry, of course, great weight in administrative law matters such as this, and, in addition, we are entirely persuaded by the reasoning in Judge Leventhal's opinion.

Appellant's arguments are not convincing. They urge that the relevant discussion in *Mun. Light Boards, supra* is but *dicta.* This is clearly wrong.

Next they argue that cases such as *Bowman Transportation, Inc. v. Arkansas-Best Freight System,* 419 U.S. 281, 95 S.Ct. 438, 42 L.Ed.2d 447 (1974) and our own decision in *Trailways of New England v. C.A.B.,* 412 F.2d 926 (1969) stand for the proposition that courts will review agency actions to determine whether they are arbitrary and capricious, and that in order to do so, reasons for the actions must be given. But in these and other cases relied upon by petitioners, the action was a final one by the agency, not, as here an interlocutory one. The policy reasons at stake in *Bowman* and

*Trailways* are not transferable to a review of a suspension order.

Moreover, the impracticability of petitioners' position becomes clear when viewed against the limitations imposed by the statute. The maximum length of time a rate schedule can be suspended is five months, 16 U.S.C. § 824d(e). Assuming courts could review this decision, the length of time before the matter would be presented to them, would as a practical matter, foreclose the likelihood of realistic relief. Once the Commission has issued its suspension order, the aggrieved party must first apply for a rehearing within 30 days and then can petition a Court of Appeals within 60 days after the Commission issues its order on the application for rehearing. 16 U.S.C. § 825*l*. In the present case, the one-day suspension was ordered on August 29, 1976, and the petition was filed with this court on November 27, 1976. Assuming the simplest of issues and the most expedited of briefing schedules, the best this court could do, if it had the authority, would be to issue an order lifting the suspension shortly before the five months had run. In terms of relief, all that petitioners would obtain would be refunds for the five months. Since the Commission can do this also, 16 U.S.C. § 824d(e), it is far from clear that there is either irreparable damage or any other claim that should merit such duplicative and ineffective efforts.

*The petition for review of the Commission's orders granting a one-day suspension is dismissed.*